UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14026-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRANDON JAMAR SCHOFIELD,

    Defendant.
_____/



FILED by _____ D.C.

OCT 3 1 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 08-1733]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher and this Court having reviewed the voucher, the submissions in support thereof by Omar F. Guerra Johansson, as attorney for the Defendant Schofield, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1.    This case involved prosecution of a misdemeanor offense under the Migratory Bird Act. The maximum amount permissible for Criminal Justice Act attorney's fees in this case is governed by Title 18, United States Code, Section 3006A(d)(2). The statutory maximum is $2,000.

2.    Counsel for the Defendant seeks reimbursement for 2.4 hours of in-court time and 39.7 hours of out-of-court time at the rate of $100 an hour. Counsel also requests travel expenses and copying costs in the amount of $402.40 and $3.05 respectively. The total therefore sought by counsel for the Defendant as adjusted by the CJA Administrator who has reviewed this CJA Voucher is $4,615.45.

3.    It is not necessary for this Court to conduct a hearing in this case. Mr. Johansson has submitted a letter to Judge Martinez in explanation of his CJA Voucher. In that letter, Mr. Johansson agrees that the amount sought is in excess of the statutory

maximum. He sets forth in his correspondence to the Court that 19 of the 42 hours involved travel time. This travel time was for three court appearances from his Fort Lauderdale offices to the Fort Pierce Courthouse and one trip to the Indian River County Jail to consult with the Defendant. Mr. Johansson's letter also admits that the case was "not complicated", but it did require him to familiarize himself with the facts and the Migratory Bird Act since this was the first of these types of cases he has ever handled. The reason that this Court does not need an evidentiary hearing is that the issues this Court would want to discuss are very professionally and adequately set forth in Mr. Johansson's correspondence to Judge Martinez.

4. This Court has reviewed the voucher as well as the attachments submitted by Mr. Johansson. This Court has reviewed the docket sheet in this case concerning all of the events. This case did resolve itself by way of entry of a plea before the Court. It was not necessary to proceed to trial.

5. Pursuant to 18 USC §3006A(d)(3), the maximum amounts provided for under the statute may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex." Extended is defined in the case law as a case requiring more time than the normal case. A complex case is defined as one involving facts so unusual as to justify expenditure of more time, skill and effort than normal.

6. This was not a complex case. Mr. Johansson's correspondence even admits that. The underlying facts charged the taking of migratory birds. Nothing in the record would satisfy the definition of this being a complex case.

7. This Court cannot find that the matter was extended either. The case was resolved by entry of a guilty plea before the District Court. There was not an unusual

amount of time from the Defendant's initial appearance until the conclusion of this matter before the District Court.

8. This Court routinely reviews such CJA Vouchers. In such review, the Court always makes certain that CJA counsel understands that the Court appreciates the willingness of competent criminal attorneys to participate in and be available for CJA appointments in this Division of the Court. However, simply because Mr. Johansson's office was in Fort Lauderdale, cannot, under the applicable case law, justify finding that this case was complex or extended as required under the statute.

9. This Court directs the parties to United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). The Bridges case defines "extended" as a case involving more time than is reasonably required for the total proceedings of the average case, including pretrial and post-trial hearings. This is not the case in this matter. This is an average case which involved a misdemeanor which was resolved by a guilty plea. Further, the Bridges decision defines "complex" as a case involving legal or factual issues which are so unusual that they require the expenditure of more time, skill and effort than would normally be required in the average case. This Court's knowledge of this case from beginning to end does not justify it being found to be "complex." There is nothing unusual in the facts or law applicable to this case to so justify it being found as "complex."

10. As a result of the foregoing, this Court is limited to the $2,000.00 attorney's fees maximum under the statute. In respect to the costs alleged for the copies and the travel expenses, those appear to be legitimately incurred and compensable expenses due for reimbursement in respect to mileage and copying as set forth in the attachments. Those should be awarded separately from any attorney's fees.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 08-1733 be **GRANTED** only insofar as Mr. Johansson shall be awarded the sum of $2,000.00 as attorney's fees and the sum of $402.40 for travel reimbursement, and $3.05 for costs, for a total sum of $2,405.45.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _31st_ day of October, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Omar F. Guerra Johansson, Esq.
Lucy Lara, CJA/Case Administrator

4